IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM JOHN IRBY,              )
                                )
            Petitioner,          )
                                )
      v.                         )   1:07CV237
                                )   1:97CR215-1
UNITED STATES OF AMERICA,        )
                                )
            Respondent.          )

### RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Petitioner William John Irby, a federal prisoner, has filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[1] (Docket No. 63.)[2] Section 3582(c)(2) allows a court to reduce the term of imprisonment of a defendant who was sentenced at an offense level that has subsequently been lowered by the Sentencing Commission. The United States Sentencing Guidelines (USSG) state that a reduction in sentence due to a subsequent lowering of the guideline range is not authorized unless the amendment is listed in USSG § 1B1.10(c). USSG § 1B1.10(a). Petitioner points to Amendments 599 as the amendment authorizing relief in his case. The government has responded to the motion (Docket No. 65) and Petitioner has filed a reply (Docket No. 67). The matter is now before the Court for a decision.

---

[1] Although it was not initially clear, Petitioner is not raising any claims cognizable under 28 U.S.C. § 2255. Therefore, the motion is considered pursuant to 18 U.S.C. § 3582(c) only. A ten-day notice of appeal period applies. Fed. R. App. P. 4(b).

[2] This and all further cites to the record are to the criminal case.

**DISCUSSION**

Plaintiff's Amendment 599 claim is without merit. Amendment 599 amended the commentary to USSG § 2K2.4. The amendment primarily clarified the circumstances in which defendants sentenced for violations of 18 U.S.C. § 924(c), in conjunction with convictions for other offenses, can receive weapon enhancements contained in the guidelines for those other offenses. USSG App. C, amendment 599. Here, Petitioner was convicted and sentenced under 21 U.S.C. § 841(a)(1) and nothing else. (Docket No. 21.) He was not convicted under § 924(c). USSG § 2K2.4 also applies to convictions under 18 U.S.C. §§ 844(h) and 929(a). Petitioner was not convicted under these statutes either. Therefore, USSG § 2K2.4 could not apply and was not applied in Petitioner's case. Amendment 599 had no effect on his sentence. (PSR at 6, 8.)[3] His claim fails and his motion should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion for sentence reduction (Docket No. 63) be **DENIED** and that Judgment be entered dismissing this action.

/s/ Russell A. Eliason
**United States Magistrate Judge**

August 29, 2007

---

[3] The record shows that Petitioner did receive an increase in his sentencing range because of a firearm that he possessed. However, that increase was under USSG § 2D1.1, a guideline provision unaffected by Amendment 599. (PSR at 8.)

-2-